IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MYERS <br> 1708 E. Dayton Rd. <br> Caro Michigan 48723. <br>      Plaintiff, <br> <br>     v. <br> <br> RICELAND CABINET, INC. <br> c/o Emanuel J Miller <br> Statutory Agent <br> 11597 Lincoln Way, <br> Orrville Ohio. 44667 <br> <br>      And <br> <br> JOSEPH MILLER <br> 326 N Hillcrest Dr. A, <br> Wooster, Ohio 44691 <br> <br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. <br> <br> JUDGE: <br> <br> <br> **COMPLAINT FOR DAMAGES AND REINSTATEMENT** <br> <br> **JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Gregory Myers, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## PARTIES AND VENUE

1. Myers is a resident of the city of Caro, County of Tuscola, State of Michigan.

2. Riceland is an Ohio corporation with its principal place of business located at 326 N Hillcrest Dr. A, Wooster, Ohio 44691.

3. Riceland is an employer within the meaning of R.C. § 4113.51(B).

4. Miller is a resident of the city of Wooster, County of Wayne, State of Ohio.

5. Miller is and was at all times hereinafter mentioned a supervisor and/or manager for Riceland, who acted directly or indirectly in the interest of Riceland in relation to its employees.

6. At times relevant herein, Miller supervised and/or controlled Myers' employment with Riceland and was empowered to take tangible employment actions against Myers.

7. At all times referenced herein, Miller was an employer within the meaning of Ohio R.C. § 4112.01 (A)(2).

## JURISDICTION & VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds the sum or value of $ 75,000.

9. Myers has met and exceeded the amount in controversy requirement as they have requested herein: "An award against Defendants of compensatory and monetary damages to compensate Miller for lost wages, compensatory damages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim;" "An award of punitive damages for each Plaintiff against Defendant in an amount in excess of $ 25,000;" and reasonable attorneys' fees. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (courts must consider both actual and punitive damages when determining amount in controversy); *Shupe v. Asplundh Tree Expert Co.*, Case No. 13-5747, 2014 U.S. App. LEXIS 9668, *10 (6th Cir. 2014) (courts must consider attorneys' fees when determining amount in controversy).

10. All material events alleged in this Complaint occurred in the county of Wayne.

11. This Court has jurisdiction over Myers' state law claims pursuant to 28 U.S.C. § 1332.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

13. Myers is Hispanic.

14. Myers is a former employee of Defendants.

15. Riceland hired Myers as an Assembler on or around October 20, 2014.

16. Miller did not participate in the decision to hire Myers.

17. Miller is Caucasian.

18. Throughout Myers' employment, Miller referred to Myers in derogatory terms based on his Hispanic heritage ("Racist Comments").

19. Miller's Racist Comments included but were not limited to Miller referring to Myers as "my little Mexican."

20. Miller's Racist Comments included but were not limited to Miller telling Myers to "go back to Mexico."

21. Miller's Racist Comments included but were not limited to Miller calling Myers "My Mexican jumping bean."

22. Miller made Miller's Comments on an almost daily basis throughout Myers' employment.

23. On March 9, 2020, Ohio Governor Mike DeWine had declared a State of Emergency in Executive Order 2020-01D.

24. On or around March 22, 2020, the Ohio Department of Health issued an order requiring employers to institute social distancing policies and require employees to wear proper protective equipment, including face coverings ("Government Mandate").

25. The Government Mandate was in accordance with emergency powers granted to the Ohio Department of Health in Executive Order 2020-01D.

26. On or around May 12, 2020, Myers observed that multiple Riceland employees were not wearing face coverings ("Lack of COVID PPE").

27. The Lack of COVID PPE violated the Government Mandate.

28. On May 12, 2020, Myers verbally complained about the Lack of COVID PPE to Miller ("Safety Complaint").

29. During the Safety Complaint, Myers complained that the lack of COVID PPE created an unsafe work environment and violated the Government Mandate.

30. Defendants did not investigate Myers' Safety Complaint.

31. In response to Myers' Safety Complaint, Miller told Myers to not let the door hit him on the way out.

32. On May 12, 2020, Myers told Defendants that he and James Paimer, a Caucasian Assembler, were leaving for the day to protest Riceland's lack of COVID safety protocols.

33. On May 12, 2020, Myers and Paimer left work for the day due to the Lack of COVID PPE.

34. Following the Safety Walkout, Defendants suspended Myers.

35. Following the Safety Walkout, Defendants suspended Paimer.

36. On or around May 17, 2020, Defendants conducted a disciplinary hearing with Myers ("Disciplinary Hearing").

37. At the Disciplinary Hearing, Defendants terminated Myers.

38. At the Disciplinary Hearing, Defendants terminated Myers for the Safety Walkout.

39. Defendants knowingly terminated Myers' employment.

40. Defendants knowingly took an adverse employment action against Myers.

41. Defendants knowingly took an adverse action against Myers.

42. Defendants intentionally terminated Myers' employment.

43. Defendants intentionally took an adverse employment action against Myers.

44. Defendants intentionally took an adverse action against Myers.

45. Defendants knew that terminating Myers would cause Myers harm, including economic harm.

46. Defendants willfully terminated Myers' employment.

47. Defendants willfully took an adverse employment action against Myers.

48. Defendants willfully took an adverse action against Myers.

49. Defendants did not terminate Paimer for the Safety Walkout.

50. Defendants' assertion of the Safety Walkout did not actually motivate Defendants' decision to terminate Myers.

51. Defendants' assertion of the Safety Walkout was insufficient to motivate the termination of Myers.

52. Defendants' assertion of the Safety Walkout was pretext to terminate Myers.

53. Defendants did not terminate a Caucasian employee for engaging in substantially the same conduct as Myers.

54. The above facts demonstrate that Defendants engaged in a pattern and practice of race discrimination.

55. There was a causal connection between Myers' race and Defendants' termination of Myers.

56. As a direct and proximate result of Defendants' conduct, Myers has suffered and will continue to suffer damages.

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF O.R.C. § 4112.01 *ET SEQ.*

57. Myers restates each and every prior paragraph of this Complaint as if it were fully restated herein.

58. Throughout his employment, Myers was fully competent to perform his essential job duties.

59. Defendants treated Myers differently than other similarly situated employees based on his race.

60. Defendants violated O.R.C. § 4112.01 *et seq.* by discriminating against Myers due to his race.

61. On or about April 30, 2019, Defendants terminated Myers without just cause.

62. At all times material herein, similarly situated non-Hispanic employees were not terminated without just cause.

63. Defendants terminated Myers based on his race.

64. Defendants violated O.R.C. § 4112.01 *et. seq*. when they terminated Myers based on his race.

65. As a result of Defendants' discrimination against Myers in violation of O.R.C. § 4112.02(A), Myers has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Myers to injunctive, equitable, and compensatory monetary relief.

66. As a result of Defendants' discrimination against Myers in violation of O.R.C. § 4112.02(A), Myers has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

67. In its discriminatory actions as alleged above, Defendants acted with malice or reckless indifference to the rights of Myers, thereby entitling Myers to an award of punitive damages.

68. To remedy the violations of the rights of Myers secured by O.R.C. § 4112.02(A), Myers requests that the Court award him the relief demanded below.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Gregory Myers requests judgment in his favor against Defendants, joint and severally, and containing the following relief::

(a) An order directing Defendant to place Myers in the position he would have occupied but for Defendants' discriminatory treatment, as well as to take such affirmative action as is

necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Myers;

(b) "An award against Defendants of compensatory and monetary damages to compensate Myers for lost wages, compensatory damages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim;"

(c) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Myers for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

(d) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Myers for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(e) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Myers for harm to his respective professional and personal reputations and loss of career fulfillment;

(f) An award of damages for any and all other monetary and/or non-monetary losses suffered by Myers in an amount to be determined at trial, plus prejudgment interest;

(g) An award of punitive damages;

(h) An award of costs that Myers has incurred in this action, as well as Myers' reasonable attorneys' fees to the fullest extent permitted by law; and

(i)  Awarding such other and further relief that this Court deems necessary and proper.

        Respectfully submitted,

        */s/ Chris P. Wido*
        Chris P. Wido (0090441)
        Samuel B. Robb (0099035)
        **THE SPITZ LAW FIRM, LLC**
        25200 Chagrin Boulevard, Suite 200
        Beachwood, Ohio 44122
        Phone: (216) 291-4744
        Fax:   (216) 291-5744
        Email: chris.wido@spitzlawfirm.com
               sam.robb@spitzlawfirm.com

        *Attorney for Plaintiff Gregory Myers*

## JURY DEMAND

Plaintiff Gregory Myers demands a trial by jury by the maximum number of jurors permitted.

>*/s/ Samuel B. Robb*
>Chris P. Wido (0090441)
>Samuel B. Robb (0099035)
>**THE SPITZ LAW FIRM, LLC**